SAMPSON ET AL., APPELLEES, *v.*
HUDSON PRE-CAST PROPERTIES, INC.,
APPELLANT.

(No. 12619—Decided December 24, 1986.)

*Marvin G. Manes,* for appellees.
*K. Richard Aughenbaugh* and *Edward A. DiGiantonio,* for appellant.

QUILLIN, J. This case was to be tried on January 9, 1986. On December 16, 1985, the parties entered into settlement negotiations. Defendant-appellant claims a settlement agreement was reached on December 20, 1985. Plaintiffs-appellees argue no final agreement was reached. On December 31, 1985, defendant moved for leave to amend its answer and to file a counterclaim setting up the purported settlement. On January 2, 1986, the motion was overruled and trial was ordered to proceed on January 9, 1986. The defendant then (still on January 2, 1986)

filed a motion to enforce the settlement along with a motion for leave to amend its answer to set up the settlement defense. The motion to amend the answer was allowed on January 3, 1986 and an amended answer was filed. The motion to enforce the settlement was not ruled upon.

A retired judge was assigned to try the case. It is apparent that the retired judge did not wish to interfere with or contradict any pretrial orders of the local judge. In the meantime, defendant, having not been permitted to file a counterclaim to enforce the settlement, filed a separate action to the same end.

All the foregoing was brought to the attention of the retired judge including the fact that the motion to enforce the settlement had not been ruled upon. The retired judge, after apparently calling the local judge, overruled, without evidence, the motion to enforce the settlement.

Throughout the proceedings it is clear that defendant was concerned that if the merit case was tried before the settlement issue was tried, procedural difficulties would arise including the fact that an appeal on the merit case might have to be taken before the settlement claim had been adjudicated. This is just what occurred.

The case presents an awkward procedural problem that could, and should, have been avoided at the trial level. It makes no sense to appeal the merit issues when the settlement issue is unresolved and may well determine the whole matter. This is not to say that the trial court could not bifurcate the issues and try them in whatever order it saw fit. In that event, however, there would be no final appealable order until all the claims were adjudicated. Civ. R. 54(B).

However, in this case the trial court refused to allow the settlement issue to be raised by counterclaim although Civ. R. 13(E)[1] clearly authorizes the court to do so. The motion to enforce the settlement was also overruled with the end result being that defendant was wrongly precluded from bringing its claim that the settlement agreement be enforced. See *Read* v. *Baker* (D.Del. 1977), 438 F. Supp. 737, affirmed (C.A. 3, 1978), 577 F. 2d 728, certiorari denied (1978), 439 U.S. 869.

The trial court abused its discretion in not permitting and adjudicating defendant's claim that the purported settlement agreement should be enforced.

The cause is remanded for further proceedings consistent with this opinion. The remaining assignments of error are premature.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P.J., and BAIRD, J., concur.

---

[1] Civ. R. 13 (E) provides:

"A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleadings."